```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver of
Silverton Bank, N.A.,

     Plaintiff,

                                           CIVIL ACTION NO.

v.                                          1:11-cv-2790-JEC
                                           **MAGISTRATE BRILL**

TOM BRYAN, et al.,

     Defendants.

## O R D E R  &  O P I N I O N

This action is before the Court on the Magistrate Judge's Order [256] granting in part and denying in part Federal Insurance Company's ("Federal") Motion to Compel [179], denying Federal's Supplemental Motion to Compel [221], and denying the Federal Deposit Insurance Corporation's ("FDIC") Motion to Compel [207].  The Court has reviewed the record and the arguments of the parties and, for the following reasons, **AFFIRMS** the Magistrate Judge's Order [256] as to all of the pending motions.

### BACKGROUND

Neither party objects to Judge Brill's description of the facts underlying this case.  Briefly, the FDIC filed this action in its capacity as receiver for Silverton Bank, N.A. ("Silverton") against the bank's former directors and officers (the "director defendants").

AO 72A
(Rev.8/82)

(Order [256] at 2.) In the complaint, the FDIC seeks a declaratory judgment that its claims against the director defendants are covered by a Directors and Officers ("D&O") Liability Insurance Policy issued by Federal. (*Id.*) Federal has counterclaimed for a declaratory judgment that the FDIC's claims are not covered under the D&O Policy. (*Id.*)

Resolution of the coverage issue turns on whether the Policy contains a valid and enforceable "regulatory exclusion" barring coverage for claims brought by the FDIC. (*Id.* at 3.) Federal insisted during negotiations that the Policy would have to contain a regulatory exclusion, and a temporary binder issued to Silverton in March 2009 included such an exclusion. (*Id.*) However, the Policy that Federal issued in April 2009 did not contain the exclusion. (Order [256] at 3.) Federal eventually discovered the omission and forwarded the exclusion to Silverton on May 1, 2009, the same day that the FDIC was appointed receiver. (*Id.*) The parties now dispute whether the regulatory exclusion should be considered part of the Policy. (*Id.*)

Federal and the FDIC have filed motions to compel in connection with the coverage dispute. (Federal's Mot. to Compel [179] and Supplemental Mot. to Compel [221] and FDIC's Mot. to Compel [207].) In its motions, Federal seeks production of several documents from the FDIC that relate to the Policy and that have been withheld

2

pursuant to an asserted attorney-client privilege. (Order [256] at 4, 19-20.) The FDIC moves to compel the production of documents related to Federal's understanding and interpretation of an "insured vs. insured" exclusion in the Policy. (*Id.* at 20.) The motions were referred to Judge Brill, who, after conducting a hearing and an *in camera* review of the documents at issue, issued an order granting Federal's motion [179] in part, but denying the FDIC's motion [207] and Federal's supplemental motion [221].

The parties do not object to Judge Brill's rulings on Federal's Supplemental Motion [221] or on the FDIC's Motion [207]. Judge Brill's Order [256] is thus **AFFIRMED** without further discussion as to these motions. *See* 28 U.S.C. § 636(b)(1)(A) and FED. R. CIV. P. 72(a). The parties likewise accept, without objection, Judge Brill's ruling granting Federal's Motion [179] as to the minutes and draft minutes of Silverton Board meetings held on April 2, 2009 and April 15, 2009. That ruling is therefore **AFFIRMED** without further discussion.

The only ruling in Judge Brill's Order that is challenged concerns the minutes, draft minutes, and notes of a Silverton Board meeting held on April 9, 2009. (Federal's Objections [258].) Judge Brill held that certain portions of those documents were protected by the attorney-client privilege, and she permitted the FDIC to redact any privileged discussions prior to their production. (Order [256] at 14-19.) In its Objections, Federal contends that the April 9

3

documents should be produced in their entirety, because the FDIC waived any privilege that otherwise might apply by putting the minutes "at issue" in the case. (Federal's Objections [258] at 2.) Federal also contends that the FDIC's predecessor, Silverton, waived the privilege by discussing the subject matter of the April 9 communications in the presence of a third-party consultant during the April 2 and April 15 meetings. (*Id*. at 4.)

## DISCUSSION

### I.   STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule 72(a), the Court may designate a Magistrate Judge to hear and rule on a pretrial evidentiary dispute. A party "may serve and file objections" to the Magistrate's ruling in accordance with the procedure described in Rule 72(a). The Court must consider any timely objections and modify or set aside any part of the Magistrate's order that is "clearly erroneous" or "contrary to law." FED. R. CIV. P. 72(a) and 28 U.S.C. § 636(b)(1)(A).

### II.  "AT ISSUE" WAIVER

Federal does not object to Judge Brill's conclusion that the April 9 documents come within the umbrella of the attorney-client privilege, and the Court agrees with that ruling. (*See* Order [256] at 8-9.) The attorney-client privilege applies to "confidential communications" between an attorney and his client "regarding the

4

matter of representation." *In re Grand Jury Matter No. 91–01386*, 969 F.2d 995, 997 (11th Cir. 1992). *See also In re Slaughter*, 694 F.2d 1258, 1260 (11th Cir. 1982)("The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice").[1] The April 9 documents meet all of the required elements of a privileged communication. *See In re Grand Jury Proceedings 88-9 (MIA)*, 899 F.2d 1039, 1042 (11th Cir. 1990)(discussing the elements required for the privilege to

---

[1] Jurisdiction in this case is premised on federal question jurisdiction, with supplemental jurisdiction under 28 U.S.C. §1367 asserted as to state law claims. (*See* Complaint [1] at 2, ¶ 1("This Court has jurisdiction over this action pursuant to 12 U.S.C. §1819(b)(1)-(2)(a) and 28 U.S.C. §§ 1331 and 1345. Supplemental jurisdiction over the FDIC-R's state law claims may be exercised by the Court under 28 U.S.C. §1367."))

In her Order, the magistrate judge noted that the parties had agreed that Georgia law controls in the determination of this privilege dispute, and she applied that law in her analysis. (*See* Order [256] at 5.) There is authority indicating that when jurisdiction is premised on federal question jurisdiction, the Court applies federal privilege law. *See Hancock v. Hobbs,* 967 F.2d 462, 467 (11th Cir. 1992)("the federal law of privilege provides the rule of decision in a civil proceeding where the court's jurisdiction is premised upon a federal question") and *In re Cap. One Bank Credit Card Interest Rate Litig.*, 286 F.R.D. 676, 680 (N.D. Ga. 2012)(Forrester, J.)("where Plaintiffs allege violations of both federal and state law, federal courts look to federal law to determine the applicable privileges").

As noted, Judge Brill applied Georgia privilege law, which the parties agreed she should do. As the Court has been made aware of no differences between Georgia and federal law that would impact the privilege and waiver issues raised here and as the parties have not briefed this matter, the Court assumes that the result would be the same under either law. (*See* Order [256] at 5.)

5

attach).

Nevertheless, Federal contends that the FDIC implicitly waived the privilege by placing the April 9 documents "at issue" in the case. (Federal's Objections [258] at 12-17.) Specifically, Federal argues that the FDIC waived the privilege by claiming that: (1) the Regulatory Exclusion is unenforceable under 12 U.S.C. § 1823(e)(1), which requires such agreements to be approved by the bank's board of directors as "reflected in the [board's] minutes" and (2) reformation of the Policy is unavailable due to the absence of any fraud or inequitable conduct by Silverton Bank. (*Id.*) Neither argument is persuasive.

A party can impliedly waive the attorney-client privilege by "inject[ing] into the case an issue that in fairness requires an examination of otherwise protected communications." *Cox v. Adm'r U.S. Steel & Carnegie,* 17 F.3d 1386, 1419 (11th Cir. 1994). Such an implied waiver might arise where a party asserts a good faith defense that is based on his knowledge of the law as supplied by an attorney. *Id.* (finding that a party "injected the issue of its knowledge of the law into the case and thereby waived the attorney-client privilege"). *See also United States v. Mackey,* No. 1:10-cr-310-WSD, 2012 WL 3260462, at *4 (N.D. Ga. Aug. 8, 2012)(Duffey, J.)(defendant who asserted that he did not intend to defraud investors "injected the issue of his knowledge of the law into the case and thus waived the

6

attorney-client privilege"). It might also arise in a malpractice context, where a client accuses his attorney of negligence and thereby places the subject matter of the attorney's representation at issue. *See Christenbury v. Locke Lord Bissell & Liddell, LLP,* 285 F.R.D. 675, 682 (N.D. Ga. 2012)(Anand, Mag. J.).

The Court agrees with Judge Brill that the FDIC has not put the April 9 communications "at issue" in this case. Of course, any evidence of the fact of Board approval in compliance with the requirements of § 1823(e) must be produced.[2] As Judge Brill pointed out, the FDIC is bound by the Rules of Professional Conduct to disclose any material in the Board minutes that reflects such approval. (Order [256] at 18.) But the FDIC's assertion of the §1823(e) argument does not directly put in issue, and thereby waive the confidentiality of, all attorney-client communications that happen to be recorded in the Silverton Board minutes. *Cf. Cox,* 17 F.3d at 1419 and *Carpenter v. Mohawk Indus., Inc.,* Civil Action File No. 4:07-CV-0049-HLM, 2007 WL 5971741, at *13 (N.D. Ga. Oct. 1, 2007)(Murphy, J.)(where the defendant put privileged communications at issue by arguing that it had acted appropriately by having its

---

[2] Pursuant to Federal's request, the Court has conducted an *in camera* review of the complete and unredacted version of the April 9 documents. (*See* Federal's Objections [258] at 19-20.) Like Judge Brill, the Court is satisfied by its review that the documents do not contain any evidence of Board approval that compels their production.

7

attorney interview the plaintiff to investigate certain claims).

Neither does the FDIC's "good faith" argument act as a waiver under the circumstances of this case. In its counterclaim, Federal asserts a claim under state law for reformation of the Policy. (Federal's Answer and Counterclaim [37] at ¶¶ 45-50.) Under Georgia law, such relief "is not available on the basis of a unilateral mistake in the absence of fraud or inequitable conduct." *Sellers v. Alco Fin., Inc.,* 130 Ga. App. 769, 770 (1974). *See also Decision One Mortg. Co., LLC v. Victor Warren Prop., Inc.*, 304 Ga. App. 423, 426 (2010)(citing the general rule that reformation is unavailable to correct a unilateral mistake in the absence of fraud or inequitable conduct). The FDIC thus asserts, as a defense to the reformation claim, that Silverton did not fraudulently induce Federal to omit the Regulatory Exclusion from the Policy. (FDIC's Affirmative Defenses [62] at ¶ 9.) That assertion does not "in fairness" require the examination of any attorney-client communications, particularly communications that occurred after the Policy was issued and that thus do not bear directly on fraudulent inducement.

**III. <u>SUBJECT MATTER WAIVER</u>**

Finally, the Court rejects Federal's argument that the Silverton Board waived the attorney-client privilege with respect to the April 9 documents by having conversations on the same subject matter in the presence of a third-party consultant on April 2 and April 15, 2009.

8

(Federal's Objections [258] at 17-19.) Judge Brill held that the consultant's presence at the April 2 and April 15 meetings during various insurance-related discussions destroyed any privilege that otherwise would have attached to those discussions. (Order [256] at 14.) She therefore ordered the FDIC to produce a complete and unredacted set of minutes and draft minutes for those meetings. (*Id.* at 19.) Federal now argues that, by virtue of the third-party disclosures that occurred on April 2 and April 15, the Silverton Board waived any privilege that otherwise might have applied to discussions concerning the same subject matter on April 9. (Federal's Objections [258] at 17-19.)

As an initial matter, Federal did not raise its subject matter waiver argument with Judge Brill. Accordingly, the Court finds that Federal has waived the argument. *Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009)("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). *See also Gutierrez v. Wells,* No. CV312-009, 2012 WL 3757167, at *1 (S.D. Ga. Aug. 28, 2012)(Bowen, J.)(refusing to consider arguments presented for the first time in a party's objections to the Magistrate's report and recommendation).

In any case, Federal's subject matter waiver argument is unpersuasive on its merits. The subject matter waiver rule is

9

intended to protect against the prejudice that would result if a party were allowed to make a partial and selective disclosure of privileged information. *See Outside Box Innovations, LLC v. Travel Caddy, Inc.,* 455 F. Supp. 2d 1374, 1376 (N.D. Ga. 2006)(Evans, J.) ("'when a party defends its actions by disclosing an attorney-client communication, it waives the attorney-client privilege as to all such communications regarding the same subject matter'")(quoting *In re EchoStar Commc'ns, Corp.,* 448 F.3d 1294, 1301 (Fed. Cir. 2006) and *QBE Ins. Corp. v. Jorda Enter., Inc*., 286 F.R.D. 661, 666 (S.D. Fla. 2012)(Goodman, Mag. J.)("If [a party] decides to rely on attorney-client privileged information . . . , then it will have generated a waiver applicable to all other attorney-client communications relating to the same subject matter.") As such, the rule generally provides that a party who reveals part of a privileged communication in order to gain an advantage in the litigation waives the privilege as to other communications on the same subject matter. *See Carpenter,* 2007 WL 5971741, at *10 (a party "may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes")(internal citations omitted). The rule has no application in this case, where the third-party disclosures were inadvertent and the FDIC has not attempted to make any use of the privileged communications.

10

**CONCLUSION**

For the foregoing reasons, the Court **AFFIRMS** the Magistrate Judge's Order [256] **GRANTING in part** and **DENYING in part** Federal's Motion to Compel [179], **DENYING** Federal's Supplemental Motion to Compel [221], and **DENYING** the FDIC's Motion to Compel [207]. The parties should proceed in accordance with the Joint Scheduling Order [257] submitted after the issuance of Judge Brill's Order [256].

SO ORDERED, this 14th day of February, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)